[Cite as *CMHA v. Manns*, 2019-Ohio-1434.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CMHA, | : | |
| Plaintiff-Appellee, | : | No. 107156 |
| v. | : | |
| ANGELA MANNS, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** April 18, 2019

Civil Appeal from the Cleveland Municipal Court
Case No. 2018CVG001399

***Appearances:***

Angela Manns, pro se, *appellant*.

Audrey H. Davis, Chief General Counsel, Cuyahoga Metropolitan Housing Authority, Office of Legal Affairs, and Alejandro V. Cortes and Brittany N. Barron, Associates General Counsel, *for appellee*.

RAYMOND C. HEADEN, J.:

{¶ 1} Pro se defendant-appellant Angela Manns ("Manns") appeals from the lower court's judgment in favor of plaintiff-appellee Cuyahoga Metropolitan Housing Authority's ("CMHA") first cause of action for eviction and its

corresponding denial of her motion for relief from judgment. For the reasons that follow, we reverse.

**Procedural and Substantive History**

{¶ 2} The underlying case was initiated on January 30, 2018, when CMHA filed a complaint in forcible entry and detainer for money owed against Manns in the Cleveland Municipal Court's Housing Division. CMHA owns and operates a public housing estate known as Riverside Park in Cleveland, Ohio. Pursuant to a written rental agreement, Manns is a tenant residing at 17717 Parkmount Avenue in apartment 317 at Riverside Park. CMHA sought to evict Manns for nonpayment of rent.

{¶ 3} On March 6, 2018, a hearing was held before a magistrate. On March 7, 2018, a magistrate's decision was issued. The magistrate found that Manns last paid her rent for November 2017, in the amount of $142, for the month of November. The magistrate also found rent for the month of December was due on December 1, 2017. When Manns had not tendered payment of rent by December 12, 2017, CMHA served her with a notice of termination and invitation to explain on that date. This notice, required under 24 C.F.R. 966.4(1), informed Manns that her lease would terminate 14 days from the date of the notice due to her failure to pay rent. On December 27, 2017, CMHA served Manns with a three-day notice to leave for nonpayment of rent. According to testimony from Manns and a CMHA police report, someone broke into her apartment sometime in the morning on December 13, 2017. The individual stole her wallet, which contained her bank

card, along with her washer and dryer. According to Manns, she was unable to pay rent for the month of December because her bank card was stolen. Manns further testified that she was sent a replacement bank card, but this was stolen from her mailbox on December 29, 2017. Finally, Manns testified that on February 1, 2018, she attempted to pay her rent balance in full but CMHA management informed her that they would not accept payment.

{¶ 4} In light of these findings of fact, the magistrate concluded that Manns had not offered convincing evidence that her inability to pay her December 2017 rent was due to circumstances beyond her control, because her apartment was burglarized 13 days after her rent was due and one day after she was served with a notice of termination and invitation to explain. Therefore, the magistrate concluded that CMHA established by a preponderance of the evidence that it was entitled to judgment on the first cause of action for nonpayment of rent, and ordered a move out to take place on or after March 19, 2018.

{¶ 5} On March 9, 2018, the trial court approved and confirmed the magistrate's decision. Manns subsequently filed a motion to stay, a motion to vacate, and two motions to reconsider, along with objections to the magistrate's decision.

{¶ 6} On April 6, 2018, the court overruled Manns's objections to the magistrate's decision, noting that they were not specific and were not accompanied by an affidavit or a transcript of the evidence presented to the magistrate. The court denied the motions for reconsideration and, construing the motion to vacate as a

motion for relief from judgment, set a hearing on that motion for April 11, 2018. The court granted Manns's motion to stay pending the hearing and cancelled the court-supervised move out.

{¶ 7} The hearing on the motion to vacate was held on April 11, 2018. On April 17, 2018, a magistrate's decision was issued, finding that CMHA's acceptance of late rent from Manns twice over a two-year period did not create a pattern and practice that would have permitted Manns to tender late rent for the month of December 2017. The magistrate denied Manns's motion to vacate and did not grant her relief from judgment. This decision was approved and confirmed the same day.

{¶ 8} On April 30, 2018, Manns filed objections to the magistrate's decision. On May 2, 2018, the court overruled the objections and ordered the court-supervised move out to proceed as scheduled on May 7, 2018.

{¶ 9} On May 4, 2018, Manns filed a notice of appeal with this court, along with an emergency motion to stay the May 7, 2018 move out. This court granted the motion to stay pending this appeal.

**Law and Analysis**

{¶ 10} Manns presents one assignment of error for our review, asserting that she was wrongfully evicted because she offered convincing evidence that her inability to pay her December 2017 rent was due to circumstances beyond her control.

{¶ 11} While nonpayment of rent generally establishes a prima facie case to terminate a lease and evict a tenant, this case involves a public housing authority

that is subject to federal regulations. In order to evict a tenant from federally assisted public housing for nonpayment of rent, the public housing authority must demonstrate repeated or serious violations of the material terms of the lease. *Cincinnati Metro. Hous. Auth. v. Green*, 41 Ohio App.3d 365, 370, 536 N.E.2d 1 (1st Dist.1987), citing 24 C.F.R. 966.4(1) (grounds for termination of tenancy include "serious or repeated violations of material terms of the lease" such as "failure to make payments due under the lease"); *Cuyahoga Metro. Hous. Auth. v. Younger*, 93 Ohio App.3d 819, 824, 639 N.E.2d 1253 (8th Dist.1994) (CMHA must comply with two sets of regulations, state law for forcible entry and detainer and federal regulations under 24 C.F.R. 966.4(1)). Proof of repeated nonpayment will establish a prima facie case sufficient to warrant the termination of the lease and cause the eviction of the tenant. *Id.* Only if the public housing authority establishes a prima facie case does the burden shift to the tenant to demonstrate a defense. *Id.* Here, where CMHA repeatedly stated that the basis for the eviction was Manns's nonpayment of December 2017 rent, the burden never shifted to Manns.

{¶ 12} Here, it is undisputed that Manns did not pay her rent for December 2017. Testimony from Manns and CMHA's building manager established that the rent was due on the first of every month, and it was not considered late until the tenth day of the month. The record establishes that CMHA served Manns with a notice of termination on December 12, 2017. Manns's proffered reason for not paying her December rent is the burglary that occurred on December 13, 2017. It is not necessary to analyze whether the burglary would constitute a circumstance

beyond Manns's control, because Manns was not required to establish an affirmative defense where CMHA failed to establish a prima facie case.

{¶ 13} At the initial eviction hearing, CMHA was not prepared to discuss any other grounds for eviction, nor had it provided Manns with any other grounds for eviction as required by the federal regulations. Further, the missed rent payments subsequent to the December 2017 nonpayment were the result of CMHA's refusal to accept Manns's February 2018 offer of redemption, wherein she attempted to pay the balance due for December, January, and February rent. CMHA refused to accept payment from Manns, citing the notice of eviction.

{¶ 14} At the second hearing, addressing what the court construed as a motion for relief from judgment, CMHA made reference to allegations made by another Riverside Park resident that Manns had stolen prescription medication from the resident under the guise of helping her clean her home. Even if CMHA could offer admissible evidence in support of these allegations, these allegations came to light for the first time during a hearing on Manns's motion for relief from judgment. These allegations were not considered as an independent basis for eviction at the original hearing, nor did CMHA provide written notice to Manns that such allegations were the basis of her eviction as required under federal regulations. *See Younger*, 93 Ohio App.3d 819, 824, 639 N.E.2d 1253. Thus, the basis for the eviction was a single missed payment of rent.

{¶ 15} Because the trial court did not consider CMHA's grounds for eviction in the context of the federal regulations governing CMHA, Manns has a meritorious

defense to the eviction action — CMHA failed to make a prima facie showing that Manns repeatedly failed to make payments due under the lease. 24 C.F.R. 966.4(1). CMHA bore the burden of demonstrating the basis of the eviction. The record does not demonstrate repeated or serious violations sufficient to demonstrate a prima facie case that termination of the tenancy is warranted. Therefore, the judgment of the trial court is reversed and the case is remanded for further proceedings to resolve the underlying issue of whether a single missed payment of rent is sufficient to warrant eviction from federally assisted public housing.

{¶ 16} Judgment reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLAGHER, J., CONCUR